O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-3105 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Jose Molina v. City of Maywood, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):    Defendants' Motion to Dismiss [5]**

Plaintiff Jose Molina ("Plaintiff") brings this RICO and Civil Rights Complaint against Defendants City of Maywood ("City"), the Maywood-Cudahy Police Department ("Police Department"), Bruce Leflar ("Leflar"), in his individual and official capacity, Paul Pine ("Pine"), in his individual and official capacity, Officers Cunningham, Menchaca and Nijland and Does 1-10 (collectively, "Defendants").[1] [2]

Now before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) [5]. The Court finds this matter suitable for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15.

---

[1] Initially, Plaintiff was one of 22 plaintiffs who alleged RICO and Civil Rights violations against the named Defendants herein. Pursuant to Fed. R. Civ. P. 20 and 21, the Court severed each individual party and their respective claims, thereby creating 9 separate lawsuits. *See Camarillo, et al. v. City of Maywood, et al.*, CV 07-03469 ODW (SHx), Docket #43. Following the Court's order, Plaintiff, individually, filed the instant lawsuit on May 12, 2008.

[2] Although Plaintiff has named 30 Doe defendants, Local Rule 19-1 allows for no more than 10 Doe or fictitiously named parties.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3105 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Jose Molina v. City of Maywood, et al.* | | |

The underlying factual allegations of Plaintiff's claims are culled from one paragraph within their complaint. Plaintiff alleges that Officers Cunningham, Menchaca, Nijland, and other unknown officers "wrongfully arrested...assaulted, battered, [and] threatened" Plaintiff. (Compl. ¶ 11.) Plaintiff alleges that he was thrown to the ground, dragged, and struck in the face and ribs. (Compl. ¶ 11.) He also alleges that Supervising Sargent Nijland was present and either observed or participated in the misconduct. (Compl. ¶ 11.) Plaintiff further alleges that he was treated for his injuries, including an elbow fracture and abrasions, at St. Francis Medical Center. (Compl. ¶ 11.) In addition, Plaintiff alleges that Defendants prepared false reports in order to cover up their actions and to maliciously prosecute Plaintiff. (Compl. ¶ 11.)

Other than this one paragraph, Plaintiff's complaint contains the exact same sprawling, boilerplate and, in many instances, irrelevant allegations as those in the Corrected Second Amended Complaint in *Camarillo v. City of Maywood, et al.*, CV 07-3469 ODW (SHx) (C.D. Cal. 2007) (Docket #61, 65.) Even Plaintiff's prayer for relief is identical to that of the *Camarillo* complaint, without any tailoring to the individualized facts alleged and/or injuries allegedly sustained. Defendants' Motion, moreover, seeks to dismiss the same claims as those sought to be dismissed in *Camarillo*, and consists of identical arguments in favor thereof. Further, Plaintiff's Opposition voices the same "cut-and-paste" objections. Thus, because the Court is presented with the same bare allegations and claims, including the same arguments in favor of and in opposition to dismissing those claims, the Court adopts its analysis and conclusions previously discussed and reached in *Camarillo*, and rules as follows:[3]

(1) Plaintiff's first cause of action under RICO is DISMISSED without leave to amend;

(2) Plaintiff's second cause of action for *Monell* liability against the City and the Police Department survives, but Plaintiff's second cause of action against

---

[3] The different factual scenarios giving rise to the claims in this case have been fully considered. Unless otherwise indicated, however, the facts of this case do not differ significantly enough from those in *Camarillo* so as to warrant different conclusions. Accordingly, unless otherwise stated, the Court's analysis and conclusions reached in *Camarillo* control.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3105 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Jose Molina v. City of Maywood, et al.* | | |

Defendants Leflar and Pine in their *official* capacities is DISMISSED without leave to amend;

(3)    Plaintiff's second cause of action for supervisorial liability against Defendants Leflar and Pine in their *individual* capacities is DISMISSED with leave to amend;

(4)    Plaintiff's third cause of action is DISMISSED with leave to amend but only as to Defendants Leflar, Pine and Nijland.[4]  To the extent Plaintiff's third cause of action alleges a § 1983 conspiracy, that claim is DISMISSED with leave to amend;

(5)    Plaintiff's fourth cause of action is DISMISSED with leave to amend;

(6)    Plaintiff's fifth cause of action is DISMISSED with leave to amend;

(7)    Plaintiff's sixth cause of action is DISMISSED without leave to amend only as to claims under Cal. Const. art I, §§ 1 and 7;

(8)    Plaintiff's eleventh cause of action is DISMISSED without leave to amend; and

(9)    Plaintiff's twelfth cause of action is DISMISSED with leave to amend but only as to Defendants Leflar and Pine.

*See Camarillo*, CV 07-3469 ODW (SHx) (C.D. Cal. Aug. 27, 2008) (Docket #75.)

The Court notes that correcting the deficiencies described herein presents quite a dubious and challenging task for Plaintiff.  Should Plaintiff amend, he shall do so within twenty (20) days from the date of this Order.  In doing so, however, the Court sincerely hopes that any amended complaint is the product of careful thought, deliberation and writing.  "Cut and paste" allegations and frivolous references to independent investigations and judicial proceedings are not only difficult for the Court to decipher,

---

[4] Like *Camarillo*, the Court finds Plaintiff's allegation that "Nijland was present for and observed and/or participated in the above-described conduct" (Compl. ¶ 11), insufficient to state a § 1983 claim against that Defendant.  *See Camarillo*, CV 07-3469 ODW (SHx) (Docket # XX) at 8.

O

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3105 ODW (SHx) | Date | August 27, 2008 |
|---|---|---|---|
| Title | *Jose Molina v. City of Maywood, et al.* | | |

but do nothing to sufficiently state Plaintiff's relevant claims. If nothing else, the fact that Plaintiff's counsel has cut and pasted the same insufficient allegations in all nine of the related Maywood cases, without tailoring any of them to the unique facts of each case, completely undermines the credibility and genuine nature of his client's claims. The Court has carefully pointed out which claims are insufficient and why. Any amended complaint shall address these deficiencies or risk being dismissed without further leave to amend.

**IT IS SO ORDERED**.

----        :        00

Initials of Preparer        RGN